**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **APRIL DRISKILL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1791-J** |
| | ) | |
| **USA, et al.,** | ) | |
| | ) | |
| **Defendant(s).** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, appearing *pro se*, filed a complaint alleging a variety of claims and seeking monetary relief. (Doc. 1). United States District Judge Bernard M. Jones, II, referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). Based on Plaintiff's failure to (1) either pay the $405.00 filing fee or submit an *in forma pauperis* motion, and (2) failing to submit the initiating document on the proper form, the undersigned recommends that the court **DISMISS** the action without prejudice to the re-filing.

On July 17, 2026, the court ordered Plaintiff to cure the deficiencies identified above on or before August 7, 2026. (Doc. 4). Plaintiff was warned that the "failure to comply with this Order may result in the dismissal of this action." (*Id.* at 2). Plaintiff has failed to cure the deficiencies, as ordered.

Pursuant to Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action. The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions

*sua sponte* for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of the United States*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (quotations omitted). If the dismissal is without prejudice, the court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014) (explaining that a district court may, without abusing its powers, dismiss a case without prejudice pursuant to Fed. R. Civ. P. 41(b) without attention to any particular procedures).

Plaintiff's failure to submit the Complaint on the proper form (or supply the information required by the form and necessary to screen the Complaint) and to submit an application to proceed *in forma pauperis* or pay the initial filing fee leaves the court unable "to achieve [an] orderly and expeditious" resolution of this action. *Link v. Wabash R.R.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative). As outlined above, the court has provided Plaintiff sufficient notice of the possibility of dismissal, as well as an additional response opportunity through objection to this Report and Recommendation. Thus, considering the court's right and responsibility to manage its cases, the undersigned finds that Plaintiff's failure to comply with the court's Order (Doc. 4) warrants a recommendation that the Court **DISMISS** this action without prejudice to the re-filing.

**The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before September 2, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned also advises Plaintiff

that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in this matter.

ENTERED this 12th day of August, 2026.

Amanda L. Maxfield
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE